**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
GENERAL CIVIL LAW DIVISION**

LETICIA MORALES, Individually and as Personal
Representative of the ESTATE OF SANTANA
MORALES, JR., Deceased, as parent and natural
guardian of Stephanie Morales and Rudy Morales,
minors, as legal Guardian for Santana Morales, III,
and Marciela Morales, Individually,

CASE NO.:   **10  004930**

DIVISION:   **DIVISION I**

      Plaintiffs,

vs.

THE ZENITH INSURANCE COMPANY,

      Defendant.

_____/

**RECEIVED**

**MAR 03 2010**

CLERK OF CIRCUIT COURT
HILLSBOROUGH COUNTY, FL

**COMPLAINT**

Plaintiffs, Leticia Morales, Individually, as Personal Representative of the Estate of Santana

Morales, Jr., Deceased, as parent and natural guardian of Stephanie Morales and Rudy Morales,

minors, and as legal Guardian of Santana Morales, III, and Marciela Morales, Individually,

("Plaintiffs"), by and through their undersigned attorneys, sue The Zenith Insurance Company and

alleges as follows:

1.     This is an action for declaratory judgment pursuant to Chapter 86, Florida statutes,

breach of contract, and common law bad faith.

2.     The amount in controversy exceeds $15,000 exclusive of interest, costs and

attorney's fees.

3.     The actions that give rise to this lawsuit occurred in Hillsborough County, Florida.

4.     Plaintiff, Leticia Morales, is the Personal Representative of the Estate of Santana

Morales, Jr., Deceased.  A copy of the Letters of Administration is attached hereto as **"Exhibit**

A." Leticia Morales also is the legal Guardian of Santana Morales, III, and brings this lawsuit on his behalf. **"Exhibit B."**

5.    At all material times, the Defendant, The Zenith Insurance Company (hereinafter "Zenith"), a foreign corporation for profit, was engaged in the business of issuing policies of insurance in the State of Florida and handling claims in the State of Florida.

6.    Upon information and belief, Zenith issued a policy of insurance providing Worker's Compensation and Employer Liability insurance to Lawns Nursery & Irrigation Design, Inc. ("Lawns"), said policy bearing the number Z050396705 ("the Policy"), and having limits of $100,000. Plaintiff is not in possession of a certified copy of said Policy.

7.    On December 4, 1997, while the above mentioned insurance policy was in full force and effect, Leticia Morales' husband, and Marciela, Stephanie, Rudy, and Santana Morales, III's, father, Santana Morales, Jr., an employee of Lawns, was killed while performing the duties of his employment.

8.    Upon information and belief, Zenith received notice of the accident and Plaintiffs' claims against Lawns for employer liability outside of the scope of worker's compensation, and was afforded the opportunity to settle the claims by tender of its policy limits.

9.    Zenith acted in its own interests and against the interests of its insured by failing to tender its available policy limits in full and final settlement of Plaintiffs' claims.

10.    As a result of Zenith's failure to settle the claims when it could and should have done so, Plaintiffs filed suit against Lawns.

11.    Zenith, pursuant to its contractual and incorporated fiduciary obligations, was obligated to unconditionally and adequately defend Lawns in said action and to indemnify Lawns for its legal liability up to the limits of liability coverage of $100,000.

2

12.    In violation of its duties of good faith and fair dealing, Zenith withdrew its defense to Lawns.

13.    As a result, Plaintiffs obtained a Final Judgment against Lawns in the amount of $9,525,000. The Final Judgment has been and continues to accrue interest at the statutory rate. A true and accurate copy of the Final Judgment is attached hereto as "**Exhibit C.**"

14.    Zenith has failed and/or refused to fully or partially satisfy the Judgment.

## COUNT I – CLAIM FOR DECLARATORY JUDGMENT

As their first cause of action, Plaintiffs assert this their claim for Declaratory Judgment against Zenith and allege as follows:

15.    Plaintiffs reallege and reassert the allegations of paragraphs 1 through 14 as if fully set forth herein.

16.    Upon information and belief, the Policy by the terms of its insuring language afforded Employer Liability coverage to Lawns for Plaintiffs' claims.

17.    No policy exclusion was or is applicable to the facts of this loss.

18.    Zenith claims breach by Lawns of policy conditions, including failure by Lawns to cooperate in its own defense, as its basis for non-coverage.

19.    Upon information and belief, Zenith has failed to comply with the legal prerequisites for denial of coverage on the basis of a policy condition in that Zenith did not comply with the Claims Administration Statute.

20.    Zenith, through its conduct in the handling of the claims by Plaintiffs against Lawns in violation of its contractual and/or fiduciary obligations to Lawns, has waived and/or is estopped from asserting any subsequent breach of a Policy condition by Lawns.

21.    As a result of the foregoing, the parties have been left in doubt as to their respective rights and obligations under the Policy.

**WHEREFORE,** for the foregoing reasons, Plaintiffs respectfully request that this Honorable Court enter a Final Declaratory Judgment in their favor declaring that:

A.  The Policy bearing number Z050396705 issued by Zenith to Lawns affords Employer Liability coverage for the claims of Plaintiffs against Lawns;

B.  Zenith does not have any applicable coverage defenses or exclusions, or the same have been waived;

C.  Zenith is obligated to indemnify Lawns for the claims of Plaintiffs under the terms of the Policy;

D.  Plaintiffs are entitled to recovery of the interest and the costs of bringing this action; and

E.  Such other and further relief as this Court may deem just and proper.

## COUNT II – BREACH OF CONTRACT

As their second cause of action, Plaintiffs assert this their claim for Breach of Contract against Zenith and allege as follows:

22.    Plaintiffs reallege and reassert the allegations of paragraphs 1 through 14 as if fully set forth herein.

23.    Zenith contracted with Lawns to provide protection to Lawns in the form of Employer Liability insurance in the event that Lawns became legally obligated to pay damages as a result of, among other things, bodily injury to its employees.

24.    Upon information and belief, Lawns fully performed its contractual obligations under the Policy, or the same were waived or otherwise relieved by virtue of the insurer conduct herein alleged.

25.   Upon information and belief, Lawns paid all premiums when due such that, at the time of Santana Morales' accident, the Zenith policy was in full force and effect.

26.   Lawns purchased the Zenith policy to protect its assets from claims for bodily injury caused to its employees, inclusive of Santana Morales.

27.   Zenith was contractually obligated to promptly, reasonably, and fairly investigate and evaluate the claims against Lawns and to make funds up to its policy limits available for the full and final settlement of those claims consistent with a prompt, fair, and reasonable evaluation of the claims.

28.   Zenith engaged in the course of conduct herein alleged with complete and intentional disregard of the interests of Lawns and of the potential financial devastation its actions could impose upon Lawns.

29.   The damages reasonably within the contemplation of the parties at the time of contracting include all of those amounts which Lawns might be called upon to pay as damages to any third party for claims, which in whole or in part, fall within the coverage of the Policy, which could have been avoided had Zenith fairly and reasonably made available funds up to its Policy limits for the resolution of the claims being presented against its insured and otherwise performed its contractual obligations.

30.   Zenith has breached the Policy with Lawns, including, but not limited to, by failing to provide an unconditional defense in the lawsuit brought as a result of the death of one of Lawns' employees, by taking unreasonable coverage positions, by failing and refusing to affirmatively seek out and/or accept reasonable opportunities for settlement within the policy limits when it could and should have done so, and by refusing to indemnify Lawns for the claims asserted against it by Plaintiffs.

31.   Zenith's breach of the terms of the Policy resulted in contemplated and foreseeable damages to its insured, Lawns, including, but not limited to, the entry of final judgment in excess of Policy limits against it for the claims asserted by Plaintiffs.

32.   Plaintiffs were and are intended third party beneficiaries of the contract for insurance between Zenith and Lawns, and otherwise are equitably assigned the right to bring this action against Zenith and to recover all damages sought herein by virtue of their statuses as judgment creditors.

**WHEREFORE**, for the foregoing reasons, Plaintiffs demand judgment against Zenith in the amount of the judgment, together with interest from the date of entry, costs, and such other and further relief as this Court may deem just and proper.

## COUNT III—COMMON LAW BAD FAITH

As their third cause of action, Plaintiffs assert this their claim for Common Law Bad Faith against Zenith, and allege as follows:

33.   Plaintiffs reallege and reassert the allegations of paragraphs 1 through 14 as if fully set forth herein.

34.   Zenith knew or should have known facts that were sufficiently certain as to liability so that it was probable that a verdict and judgment in favor of Plaintiffs would be entered against Lawns as a result of its negligence in causing bodily injuries and death to Santana Morales, if Plaintiffs' claims were not settled by Zenith.

35.   By virtue of the insurance contract, Zenith and its employees and agents had a duty to use due care in the investigation and in the handling of the claim and in evaluation of the claim for settlement purposes, and had a duty to act in good faith and give due consideration to

the interests of its insured, Lawns, in the negotiation and settlement of the claim and in consideration of settlement offers.

36.     The aforementioned duties required Zenith to consider all of the circumstances of the claim and to settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so.

37.     Zenith further was obligated to advise its insured, Lawns, of settlement opportunities, to advise as to the probable outcome of the litigation, to warn of the possibility of an excess judgment, and to advise the insured of any steps it might take to avoid same.

38.     Zenith knew or should have known that the bodily injuries to Santana Morales were substantial in that they caused his death, and that if the case was not settled it would result in a verdict and judgment in favor of Plaintiffs against Lawns in an amount far in excess of the limits of the Policy.

39.     Zenith acted in bad faith in that, under all circumstances, it acted in its own interests and disregarded the interests of its insured, in that:

a.      It failed to affirmatively seek out and/or accept a reasonable offer and opportunity to settle this case within policy limits when it could and should have done so, had it considered the claim as a reasonably prudent person would have, if faced with the prospect of paying the entire recovery;

b.      It failed to affirmatively seek out and/or accept a reasonable settlement offer and opportunity to settle this case within policy limits when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward the insured and with due regard for the insured's interests;

c.      It failed to exercise reasonable care and good faith in the investigation, negotiation, and attempted settlement of the claim made against its insured;

d.      It failed to advise its insured of settlement opportunities, to advise as to the probable outcome of the litigation, to warn of the possibility of an excess

judgment, and to advise the insured of any steps he might take to avoid the same; and/or

    e.    It failed to provide adequate training, education, and supervision to its employees as it relates to the proper handling, adjusting and settlement of claims such as those asserted by Plaintiffs against Lawns.

40.    As a result of Zenith's breach of its fiduciary duties in its handling of the claim and failure to settle the case within policy limits and to properly advise its insured, the claim against Lawns was not settled within Policy limits, and a court entered the final judgment identified as **Exhibit B** against Lawns.

41.    Plaintiffs are entitled to recover damages against Zenith as a result of the aforementioned bad faith.

**WHEREFORE**, for the foregoing reasons, Plaintiffs demand judgment against Zenith in the amount of the state court judgments, together with interest from the date of entry, costs, and such other and further relief as this court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury on all issues so triable.

Respectfully submitted,

LEE D. GUNN IV, ESQ.
Florida Bar No.: 367192
GUNN LAW GROUP, P.A.
400 North Ashley Drive, Suite 2050
Tampa, FL 33602
(813) 228-7070 TELEPHONE
(813) 228-9400 FACSIMILE
LGUNN@GUNNLAWGROUP.COM
Counsel for Plaintiffs

IN THE CIRCUIT COURT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
PROBATE DIVISION

IN RE:  ESTATE OF            )
                            )       CASE NO. 99-1017
        SANTANA MORALES, JR.,)
                            )       DIVISION: EAST
               Deceased.    )

<u>LETTERS OF ADMINISTRATION</u>
(single)

TO ALL WHOM IT MAY CONCERN

WHEREAS, SANTANA MORALES, JR., a resident of Hillsborough County, Florida died on December 4, 1997, owning assets in the State of Florida, and

WHEREAS, LETICIA MORALES has been appointed personal representative of the estate of the decedent and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

NOW, THEREFORE, I, the undersigned circuit Judge, declare LETICIA MORALES to be duly qualified under the laws of the State of Florida to act as personal representative of the estate of SANTANA MORALES, JR., deceased, with full power to administer the estate according to law; to ask, demand, sue for, recover and receive the property of the decedent; to pay the debts of the decedent as far as the assets of the estate will permit and the law directs; and to make distribution of the estate according to law.

WITNESS my hand and the seal of this Court this 3rd day of _____, 1999.

/s/Bob Anderson Mitcham
_____
Circuit Judge

Copies furnished to:

William R. Mumbauer, Esq.



Odom 1558

IN THE CIRCUIT COURT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
PROBATE DIVISION

IN RE:  ESTATE OF                    )
                                     )      CASE NO. __99-1017__
         SANTANA MORALES, JR.,)
                                     )      DIVISION: EAST
                    Deceased.   )

### LETTERS OF ADMINISTRATION
(single)

TO ALL WHOM IT MAY CONCERN

    WHEREAS, SANTANA MORALES, JR., a resident of Hillsborough County, Florida died on December 4, 1997, owning assets in the State of Florida, and

    WHEREAS, LETICIA MORALES has been appointed personal representative of the estate of the decedent and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

    NOW, THEREFORE, I, the undersigned circuit Judge, declare LETICIA MORALES to be duly qualified under the laws of the State of Florida to act as personal representative of the estate of SANTANA MORALES, JR., deceased, with full power to administer the estate according to law; to ask, demand, sue for, recover and receive the property of the decedent; to pay the debts of the decedent as far as the assets of the estate will permit and the law directs; and to make distribution of the estate according to law.

    WITNESS my hand and the seal of this Court this ___ day of _____, 1999.

/s/Bob Anderson Mitcham

_____
Circuit Judge

Copies furnished to:

William R. Mumbauer, Esq.

LAW OFFICES OF
# TEXAS RIOGRANDE LEGAL AID, INC.
### 308 EAST HARRISON
### HARLINGEN, TEXAS 78550

Telephone (956) 423-3111                                         (956) 546-5558
Fax (956) 423-2674                                              1-800-369-2651


January 26, 2010


Leticia Morales
1014 Toronja Avenue
Brownsville, Texas 78521

      Re:  Cause No. 2009-CGC-61-A;  *In Re the Guardianship of the Person of Santa*
                            *Morales, III, an Incapacitated Person*

Mrs. Morales:

      A copy of the Order Appointing Guardian of the Person of an Incapacitated Adult signed
and entered in the above-referenced cause by Judge Arturo McDonald on January 20, 2010, is
enclosed herewith for your records and information. Please read this Order carefully and call
me within ten days if you have any questions.

      Thank you.

                                  Respectfully,

                                  TEXAS RIOGRANDE LEGAL AID, INC.

                                  PEDRO S. CRUZ
                                  Attorney at Law

PSC:nv
TRLA #5-61946

NO. 2009-CGC-61-A

| | | |
|---|---|---|
| . IN RE | § | IN THE COUNTY COURT |
| THE GUARDIANSHIP OF | § | |
| THE PERSON OF | § | AT LAW NO. 1 |
| SANTA MORALES, III, | § | |
| AN INCAPACITATED PERSON | § | CAMERON COUNTY, TEXAS |

## ORDER APPOINTING GUARDIAN OF THE PERSON
## OF AN INCAPACITATED ADULT
— § —

On this _____ day of **JAN 2 0 2010** \_\_\_\_\_, 2010, this Court heard the Application for

Appointment of Guardian of the Person in the above-styled and numbered cause. And it

appearing to the Court that due and legal notice of this cause has been given in the manner and

for the time required by law, and the Court being fully advised in the matter, **THE COURT**

**FINDS AS FOLLOWS:**

a. that this Court has venue and jurisdiction of this proceeding and subject matter

and of all person of whom the law requires that jurisdiction be had;

b. that SANTANA MORALES, III, the male subject of this cause who was born on

July 22, 1991, in Tampa, Florida, and whose Social Security number is \*\*\*-\*\*-

\*082, is an incapacitated adult without a judicially appointed guardian and for

whom it is necessary that a guardian of his person be appointed to care for his

physical health, to provide him with shelter, clothing, and food and for the

general care, management, and administration of his person and day-to-day and

financial affairs;

c. that the said SANTANA MORALES,III, has no real property and no

considerable amount of personal property other than his personal effects and

1



RECEIVED
JAN 25 2010
BY

ORDER APPOINTING GUARDIAN
OF THE PERSON OF AN
INCAPACITATED ADULT
S-61946; Morales, Leticia

monthly Social Security checks from the United States Social Security

Administration;

d. · that the said SANTANA MORALES, III, has never been the subject of a

guardianship proceeding and that there is no court-ordered guardianship affecting

him;

e. that Applicant herein, LETICIA MORALES, the subject's mother, is not

disqualified in any way and is entitled to receive Letters of Guardianship

designating her as guardian of the person of SANTANA MORALES, III; and

f. that it is SANTANA MORALES, III's best interest and for the protection of his

rights to have LETICIA MORALES, appointed as guardian of his person.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the said

LETICIA MORALES be and is hereby appointed guardian of the person of the said SANTANA

MORALES, III for an indefinite term.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that LETICIA

MORALES, Applicant, shall have all the rights, privileges, duties, and powers of legal guardian

including, but not limited to, the power to consent and make the necessary decisions regarding

SANTANA MORALES, III's medical and psychiatric treatment, education, and financial

affairs. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that LETICIA

MORALES, Applicant, is not required to file an inventory, appraisal, and annual report on the

estate of SANTANA MORALES, III and that the same be and are hereby waived.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk of this

Court issue Letters of Guardianship to LETICIA MORALES, pursuant to and in accordance

with this Order, upon said Applicant filing good and sufficient bond in the amount of

$ 100 C/S , conditioned as required by law, and taking the oath of office within twenty (20)

days from the date this Order is signed for entry.

ORDER APPOINTING GUARDIAN
OF THE PERSON OF AN
INCAPACITATED ADULT
5-61946; Morales, Leticia

2

**IT IS FURTHER ORDERED** that ARMANDO ESCAMILLA, the attorney *ad litem*

appointed in this cause pursuant to and in compliance with §646(a) of the Texas Probate Code,

be and is hereby awarded $ _~4000~_ as a reasonable attorney's fee for his services herein.

Cameron County shall pay this attorney's fee due to Applicant's indigency

     **IT IS FURTHER ORDERED** that PEDRO S. CRUZ (and TEXAS RIOGRANDE

LEGAL AID, INC.) be and is hereby withdrawn as Applicant's attorney of record upon the

issuance of Letters of Guardianship in this cause and pursuant to this order.

     SIGNED and ENTERED on this _____ day of _____ JAN 2 0 2010 _____, 2010.

ARTURO MCDONALD
Judge Presiding

ORDER APPOINTING GUARDIAN
OF THE PERSON OF AN
INCAPACITATED ADULT
5-61946; Morales, Leticia

3

JAMES GUARNIERI, ESQ
1111 OAKFIELD DR. # 115
BRANDON, FL 33511

### IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
### IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
### CIVIL DIVISION

LETICIA MORALES, Individually
and as Personal Representative of the
ESTATE OF SANTANA MORALES, JR., Deceased,

       Plaintiff,

v.

LNI DESIGNS, INC., a Florida
corporation, and LAWNS NURSERY
& IRRIGATION DESIGNS, INC., a
Florida corporation,

       Defendants.

_____/

CASE NO: 99 CA 9659
DIV: A

INSTR # 2005100686
O BK 14772 PG 0605
Pgs 0605 - 606; (2pgs)
RECORDED 03/14/2005 04:49:46 PM
CLERK OF COURT
HILLSBOROUGH COUNTY
DEPUTY CLERK C DuVall

### FINAL JUDGMENT

Pursuant to the verdict rendered in this action,

IT IS ADJUDGED that:

1. Plaintiff, Leticia Morales, as Personal Representative of the Estate of Santana Morales,

Jr. (hereinafter the P.R.), on behalf of Leticia Morales, 2215 Dennis Avenue, Brownsville, Texas

78521, recovers from Defendant, LNI Designs, Inc., FEI No: 59-3361269, and Defendant, Lawns

Nursery & Irrigation Designs, Inc., FEI No: 26750811, 4314 Clewis Avenue, Tampa, FL 33601, the

sum of $ 3,325,000.00, that shall bear interest at the rate of 7% per year, for which let

execution issue.

2. Plaintiff, Leticia Morales, as Personal Representative of the Estate of Santana Morales,

Jr. (hereinafter the P.R.), on behalf of Maricela Morales, 2215 Dennis Avenue, Brownsville, Texas

78521, recovers from Defendant, LNI Designs, Inc., FEI No: 59-3361269, and Defendant, Lawns

Nursery & Irrigation Designs, Inc., FEI No: 26750811, 4314 Clewis Avenue, Tampa, FL 33601, the

sum of $ 1,425,000.00, that shall bear interest at the rate of 7% per year, for which let

execution issue.

3. Plaintiff, Leticia Morales, as Personal Representative of the Estate of Santana Morales, Jr. (hereinafter the P.R.), on behalf of Santana Morales, III, 2215 Dennis Avenue, Brownsville, Texas 78521, recovers from Defendant, LNI Designs, Inc., FEI No: 59-3361269, and Defendant, Lawns Nursery & Irrigation Designs, Inc., FEI No: 26750811, 4314 Clewis Avenue, Tampa, FL 33601, the sum of $ _1,725,000.00_ , that shall bear interest at the rate of 7% per year, for which let execution issue.

4. Plaintiff, Leticia Morales, as Personal Representative of the Estate of Santana Morales, Jr. (hereinafter the P.R.), on behalf of Stephanie Morales, 2215 Dennis Avenue, Brownsville, Texas 78521, recovers from Defendant, LNI Designs, Inc., FEI No: 59-3361269, and Defendant, Lawns Nursery & Irrigation Designs, Inc., FEI No: 26750811, 4314 Clewis Avenue, Tampa, FL 33601, the sum of $ _1,575,000.00_, that shall bear interest at the rate of 7% per year, for which let execution issue.

5. Plaintiff, Leticia Morales, as Personal Representative of the Estate of Santana Morales, Jr. (hereinafter the P.R.), on behalf of Rudy Morales, 2215 Dennis Avenue, Brownsville, Texas 78521, recovers from Defendant, LNI Designs, Inc., FEI No: 59-3361269, and Defendant, Lawns Nursery & Irrigation Designs, Inc., FEI No: 26750811, 4314 Clewis Avenue, Tampa, FL 33601, the sum of $ _1,475,000.00_ , that shall bear interest at the rate of 7% per year, for which let execution issue.

DONE AND ORDERED in Tampa, Florida, this _14_ day of March, 2005.

STATE OF FLORIDA )
COUNTY OF HILLSBOROUGH)
  THIS IS TO CERTIFY THAT THE FOREGOING IS A TRUE
AND CORRECT COPY OF THE DOCUMENT ON FILE IN
MY OFFICE. WITNESS MY HAND AND OFFICIAL SEAL.
THIS _14_ DAY OF _Mara_ 20_05_

PAT FRANK, CLERK

BY _____
DEPUTY CLERK

BY THE COURT:

GREGORY P. HOLDER
Circuit Court Judge

Copies furnished to:
James Guarnieri, Esq., 1111 Oakfield Dr., Suite 115, Brandon, FL 33511
LNI Designs, Inc. and Lawns Nursery & Irrigation Designs, Inc., c/o
    Mr. Gary Reel, 4314 Clewis Ave., Tampa, FL 33601



CIVIL TRIAL ATTORNEYS

Lee D. Gunn IV
LGUNN@GUNNLAWGROUP.COM

March 4, 2010

Service of Process Section
Department of Financial Services
Post Office Box 6200
Tallahassee, FL 32314-6200

RE:   The Zenith Insurance Company- Service of Process

Dear Sir or Madam:

Pursuant to Chapter 624.422, we are enclosing the following documents for service on the above-referenced insurance company:

1.   Original Summons and two copies of the summons and two copies of the Complaint with exhibits pursuant to Ch 48.151(1), FS; and

2.   A $15.00 check payable to "Department of Financial Services" or "Chief Financial Officer", pursuant to Ch. 624.502, FS.

Please do not hesitate to call with any questions or comments.

Yours very truly,

GUNN LAW GROUP, P.A.

Mitzi Lamour
Legal Assistant

Enclosures