UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LETICIA MORALES, Individually and as Personal
Representative of the Estate of Santana Morales Jr.,
deceased, as parent and natural guardian of
Stephanie Morales and Rudy Morales, minors, as
legal guardian for Santana Morales, III and
Marciela Morales, individually,

    Plaintiffs,

v.                                            Case No. 8:10-cv-00733-T-30TGW

ZENITH INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Zenith Insurance Company's ("Zenith") Motion to Dismiss the Complaint (Dkt. 4) and Plaintiffs' Response and Memorandum of Law in Opposition to Defendant's Motion to Dismiss, Motion for More Definite Statement (Dkt.8). The Court, having considered the motion and response, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

## BACKGROUND

On December 4, 1997, Santana Morales, Jr. ("Decedent") was killed while performing the duties of his employment with Lawns Nursery & Irrigation Design, Inc. ("Lawns"). At the time of decedent's death, Lawns was insured by Zenith under an insurance policy

providing Worker's Compensation and Employer Liability insurance with a limit of $100,000.

The Estate of Santana Morales, Jr. ("the Estate") filed a wrongful death lawsuit against Lawns. The Complaint asserts that the decedent was killed while performing the duties of his employment. After the wrongful death litigation commenced, but before entry of final judgment, Zenith withdrew its defense of Lawns. On March 14, 2005, the Estate obtained a Final Judgment against Lawns in the amount of $9,525,000. Zenith failed to satisfy the Judgment.

As a result of Zenith's alleged failure to settle the claims when it should have done so, Plaintiffs filed suit against Zenith on March 3, 2010. Plaintiffs assert three claims against Zenith for declaratory judgment, breach of contract for failing to defend and indemnify Lawns, and common law bad faith. Zenith argues that all three claims are barred by the applicable statute of limitations, and that a more definite statement of certain allegations is needed.

## DISCUSSION

### COUNT I: Declaratory Judgment

Zenith moves to dismiss Count I on the basis that it is barred by a four-year statute of limitations under section 95.11(3)(p). Plaintiffs, without addressing the merits of Zenith's legal arguments that the claim was untimely, or conceding the correctness of such arguments, voluntarily dismissed Count I, Claim for Declaratory Judgment. Therefore, Count I is dismissed.

## COUNT II: Breach of Contract

Zenith claims that Plaintiffs' breach of contract claim is barred by a five year statute of limitations pursuant to Fla. Stat. § 95.11(2)(b) because the breach accrued well before the March 14, 2005 entry of final judgment. Plaintiffs allege that Zenith breached the policy with Lawns by "failing to provide an unconditional defense in the lawsuit brought as a result of the death of one of Lawns' employees, by taking unreasonable coverage positions, by failing and refusing to affirmatively seek out and/or accept reasonable opportunities for settlement within the policy limits when it could and should have done so, and by refusing to indemnify Lawns for the claims asserted against it by Plaintiffs." Zenith argues that if the events occurred more than five years before the filing of the lawsuit (March 3, 2010) then the breach of contract claim should be dismissed with prejudice because the time to bring a claim under the applicable statute of limitations has expired.

In Florida, "it is . . . established that a third party . . . who is not a formal party to a contract may sue for damages sustained as a result of the acts of one of the parties to the contract." *Thompson v. Comm. Union Ins. Co. of N.Y.*, 250 So.2d 259, 264 (Fla.1971). The time period for measuring a statute of limitations for breach of an insurer's duty to defend commences at the time a litigant's liabilities or rights have been finally and fully adjudicated. *Grissom v. Commercial Union Ins. Co.*, 610 So. 2d 1299, 1309 (Fla. 1st DCA 1992). Thus, the statute of limitations commences "on the date when judgment was entered and the litigation has come to an end." *Id.* at 1309. A claim does not accrue until the claimant has suffered damages. *Terteling v. U. S.*, 334 F.2d 250, 254 (Ct. Cl. 1964)**.** For these reasons,

Plaintiffs have standing to sue Zenith and the five-year statute of limitations for Plaintiffs' breach of contract claim only began to run on the date Plaintiffs' rights were finally and fully adjudicated, on March 14, 2005, the date of the Final Judgment. Therefore, the breach of contract claim brought on March 3, 2010 is timely.

### COUNT III: Common Law Bad Faith

Zenith contends that Plaintiffs' common law bad faith claim is also barred by the applicable statute of limitations. Common law bad faith claims are governed by a four year statute of limitations pursuant to either Fla. Stat. § 95.11(3)(a) for an action founded on negligence, or alternatively § 95.11(3)(p) for any action not specifically mentioned in the statute. Zenith argues that by using the Final Judgment date as the accrual date, the claim is barred by the statute of limitations.

Under Florida law, "the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues." Fla. Stat. § 95.031. "A cause of action accrues when the last element constituting the cause of action occurs." Fla. Stat. § 95.031(1). A claim against an insurer for failing to settle in good faith "does not accrue before the conclusion of the underlying litigation. . . . [a]bsent a determination of the existence of liability . . . and the extent of the plaintiff's damages. *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So.2d 1289, 1291 (Fla.,1991). In *Vest v. Travelers Ins. Co.*, 753 So.2d 1270, 1275 (Fla., 2000), the Florida Supreme Court clarified that *Blanchard* means that once the existence of liability on the part of the uninsured tortfeasor and the extent of the insured's damages are determined, there is no impediment to recovery of damages dating

from the date of the proven violation.

In *Thompson*, the Florida Supreme Court determined that a third party could bring a direct action against an insurance company for alleged fraud and bad faith whether or not the insured made an assignment to the claimant. *Thompson*, 250 So.2d 259 at 264. Therefore, Plaintiffs were able to bring their common law bad faith claim upon entry of judgment against Lawns. Because the Final Judgment against Lawns was more than four years from the date the Plaintiffs filed this claim against Zenith, the common law bad faith claim is barred by the statute of limitations.

**Motion For More Definite Statement**

Zenith asserts that Plaintiffs' complaint does not contain sufficient information to allow a responsive pleading pursuant to F.R.C.P. 12(e). Zenith argues that the complaint alleges conclusory statements which do not provide any specific information, and do not state how and when the Estate's claims against Lawns was provided to Zenith.

Federal Rule of Civil Procedure 12(e) provides that "[if] a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." However, motions for a more definite statement are disfavored. *Campbell v. Miller*, 836 F.Supp. 827, 832 (M.D. Fla. 1993). The pleading requirements of the Federal Rules are very liberal and a short and plain statement of the claim will suffice. *See Betancourt v. Marine Cargo Mgmt., Inc.*, 930 F.Supp. 606, 608 (S.D. Fla. 1996). A motion for a more definite statement "should only be granted when the

pleading to which the motion is directed is so ambiguous and vague that a party cannot reasonably be expected to respond." *Eye Care Int'l, Inc. V. Underhill,* 92 F.Supp. 2d 1310, 1316 (M.D. Fla. 2000). That is not the case with this complaint. Therefore, Plaintiffs have sufficiently alleged a cause of action and Zenith's Motion for More Definite Statement (Dkt. 4) is denied.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Zenith Insurance Company's Motion to Dismiss and Alternate Motion for a More Definite Statement (Dkt. 4) is GRANTED in part and DENIED in part as stated above.

2. Defendant shall file an answer to the Complaint within twenty (20) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on June 8, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2010\10-cv-733.mtd 4.wpd